This action was originally begun, in the court of a justice of the peace, by Penniman Co., plaintiffs, against the defendant, and W. R. Penniman was subsequently admitted as plaintiff by amendment.
The action was based upon a written instrument, which is in (779) the words and figures following, to wit (this instrument was put in evidence by plaintiffs and admitted to be genuine):
13 OCTOBER, 1890.
First payment on second house ................................. $ 132.25 Payment next week. Second payment on first house ................................. 66.13 Payment in about twenty days. Second payment on second house ................................ 66.12 Payment in about thirty days. ________ $ 264.50
I authorize B. J. Alexander to pay the above amount to Penniman 
Co., as specified above.
Asheville, N.C. 13 October, 1890.
Tickets to be presented. JONATHAN MOONEY.
Accepted. B. J. ALEXANDER. *Page 515 
It was proved on the trial that the item "First payment on second house, $132.25," was paid in November, 1890, by defendant to plaintiff.
There was testimony tending to show that after the alleged acceptance of the order, the defendant "had taken the job away from Mooney," the contractor; that Mooney gave up the contract; that he quit work within twenty days after the date of the writing; that while he was building the house a report had gone out that he would not be able to finish his contract, and that when he quit he had on hand some material not paid for, which defendant used in completing the house.
His Honor charged the jury as follows:
The paper offered in evidence by the plaintiff is neither a check, nor draft, nor bill of exchange, in the usual form of such instruments. It is evidence of a contract in writing which the court will construe and instruct you how this writing is to be construed. Taking what appears on the face of the paper, it means a promise on the part of the defendant Alexander to pay to the plaintiff the two sums of (780) $62.13 and $62.12, and if nothing more is shown, the plaintiff has the right to recover the sums, with interest at six per cent from the time it fell due.
The defendant substantially admits this and undertakes to show you that the promise was not absolute and unconditional, but that at the time the writing was made it was agreed that payment was not to be made unless Mooney did so much work on the house as should entitle him to have the second payment on his contract with Alexander for the building of the house.
Now the defendant assumes the burden of the proof, and he must satisfy you, by a preponderance of the evidence, that there was such an agreement, and must further satisfy you that the work was not done by Mooney, which would entitle him to the second payment.
It is not required that the defendant satisfy you beyond a reasonable doubt, but it must appear by a preponderance of evidence.
If the jury find that there was at the time of the writing an agreement, outside of the writing, and that Mooney quit the building before he did the work which was to have been done before the second payment was to be paid, then the plaintiff cannot recover of the defendant in this action.
Of course, if there was any fraud or collusion between Mooney and Alexander to defraud the plaintiff, Alexander could not by fraud avoid his liability. Or if Alexander prevented Mooney from going on to complete the work he could not be allowed by his own wrong-doing, by his unlawful interference, to prevent Mooney from doing the work, to relieve himself from liability to pay. *Page 516 
(781) But the plaintiff must show you that there was such fraud and collusion, or that Alexander did prevent Mooney from going on with the work on his contract with Alexander.
The jury returned verdict for the plaintiff, and defendant moved that the same be set aside and for a new trial, upon the following grounds:
1. The defendant requested the court to charge the jury that the contract sued on showed upon its face that the two sums of money claimed by plaintiff would not become due, as to the first, until the second payment on first house become due, and as to the second, until the second payment on the second house became due, and that the burden was upon the plaintiff to show that the said payments on said house had become due, or that one of said payments had become due when this action was begun. His Honor declined to give this instruction, and defendant excepted, and now assigns his Honor's refusal as error.
2. The defendant excepts to, and assigns as error, his Honor's construction of the contract sued on. The defendant insists that there was error in the instruction itself, and that it was also error that his Honor did not tell the jury when, upon the face of the contract, the two sums became due.
3. That the defendant excepts and assigns error in his Honor's instruction to the jury in reference to "fraud or collusion between Mooney and Alexander to defraud the plaintiff."
Defendant insists that there was no evidence in the case to which these instructions could apply; that there was no evidence of fraud or collusion of any kind between Mooney and Alexander to defraud plaintiff or any one; there was no evidence that Alexander was guilty of fraud; there was no evidence that Alexander prevented Mooney from going on to complete the work, or of any unlawful interference by Alexander with the work.
The motion for new trial was refused, and from the judgment (782) on the verdict defendant appealed.
We find no error in the instruction given to the jury. The writing, which was admitted to be genuine, was in effect a contract on the part of defendant to pay to the plaintiff one hundred and thirty-two dollars within the week following the date thereof, and sixty-six dollars within twenty days after that date, and sixty-six dollars within thirty days thereafter, and the defendant has failed to show to the *Page 517 
satisfaction of the jury that at the time he assumed the alleged liability by writing the word "accepted" on the account and order, there was between the parties a collateral agreement, not made a part of the writing, explaining and modifying his apparent liability. If there was no contract or agreement between the parties except the writing itself, it was to be construed by his Honor, and the right of the plaintiff to recover followed from that construction.
The jury found that the defendant was indebted to plaintiff in the sum of one hundred and thirty-two dollars and twenty-five cents, "with interest at six per cent from date of maturity," which date seems to have been fixed by the judgment on 17 December, 1890. Of this, defendant has no cause to complain.
Nor can the third exception of defendant be sustained. His Honor distinctly told the jury that if the plaintiff had insisted before them that Mooney's quitting the contract might have been the result of the unlawful act of defendant or collusion between him and Mooney, the burden of proving that fact was upon him. The proposition of law was correctly stated. We cannot see that the statement to (783) the jury, under the circumstances, prejudiced the defendant's cause.
NO ERROR.
Cited: S. c., 115 N.C. 555.